UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TREMAINE TATUM,<br><br>Plaintiff,<br><br>v.<br><br>ANGELES, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00455-JPH-MKK |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Tremaine Tatum, who is prisoner currently incarcerated at Wabash Valley Correctional Facility, alleges in this case that he was subjected to excessive force at that facility. Mr. Tatum's claims proceed pursuant to the screening order issued on July 13, 2026. Dkt. 7. Mr. Tatum has filed an amended complaint. Dkt. 14. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

In the amended complaint, Mr. Tatum names the following defendants: Sergeant Angeles, Officer Moorehead, Officer Stone, and Sergeant Adams. His factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Tatum's allegations are largely the same as the allegations in the original complaint. The only difference is that he does not name Sergeant Hancock as a defendant. Mr. Tatum alleges that, in May of this year, Sergeant Angeles tased him when he asked to speak to Lieutenant Hyatt. Sergeant Angeles and three unknown staff members then tackled Mr. Tatum and twisted his arm, dislocating his shoulder and causing him severe pain. He was then taken to a mental health room where he was laid in a puddle of water. Sergeant Hancock then took Mr. Tatum to the CCU where he could not stand up. Sergeant Hancock told the officers that Mr. Tatum needed medical attention. Officers Moorehead and Stone and Sergeant Adams then used O.C. spray on Mr. Tatum.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, the claims which shall proceed are the following. Mr. Tatum's claims that Sergeant Angeles tased him, Sergeant Angeles tackled him and twisted his arm, and that Officers Moorehead and Stone, and Sergeant Adams O.C. sprayed him shall proceed as Eighth Amendment excessive force claims.

## IV. Conclusion

Because the amended complaint does not state any claims against Sergeant Hancock, the **clerk shall terminate** Sergeant Hancock as a defendant. The amended complaint otherwise states the same claims alleged in the original complaint. The defendants shall have **twenty-one days** to respond to the amended complaint.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TREMAINE TATUM
221706
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All Electronically Registered Counsel